UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LESLY JEAN-PHILIPPE,

            Petitioner,

v.

            Case No. 3:18-cv-404-J-34JBT

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS
and FLORIDA ATTORNEY GENERAL,

            Respondents.

## ORDER

Petitioner Lesly Jean-Philippe, an inmate of the Florida penal system, initiated this action on March 23, 2018, by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 in the Tampa Division of this Court. The Court transferred the case to the Jacksonville Division on March 27, 2018. See Order (Doc. 4). He filed an Amended Petition (Doc. 17) with an Appendix (Docs. 18-1 through 18-6.) on December 17, 2018. In the Amended Petition, Jean-Philippe challenges his state court (Duval County, Florida) conviction for first degree murder and aggravated battery. He asserts that trial counsel were ineffective when they (1) failed to request that the trial court suppress text messages obtained in a warrantless search, and (2) interfered with his right to testify and failed to prepare and present a viable defense. Additionally, he states that one of his attorneys was ineffective when she misadvised him about waiving his postconviction rights, and failed to notify the resentencing court that she was not certified

under Florida Rule of Criminal Procedure 3.112(f). Respondents have submitted a memorandum in opposition to the Amended Petition. See Motion to Dismiss the Petition for Writ of Habeas Corpus Without Prejudice (Motion; Doc. 24); Exhibits (Resp. Ex.; Docs. 24-1 through 24-4). On July 16, 2018, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 13), admonishing Jean-Philippe regarding his obligations and giving Jean-Philippe a time frame in which to submit a reply. On October 9, 2019, Jean-Philippe replied. See Reply to the Court's Order of September 9, 2019, and the Respondents' Motion to Dismiss (Reply; Doc. 26). This case is ripe for review.

In the Motion, Respondents request dismissal of the Petition without prejudice to permit Jean-Philippe to exhaust his claims in state court. See Motion at 1-4. They assert that his appeal of the circuit court's denial of his motion for post-conviction relief, filed under Florida Rule of Criminal Procedure 3.850, is still pending in the state appellate court. See Motion at 2 (citing Resp. Ex. 4). In his Reply, Jean-Philippe agrees that his post-conviction proceeding is still pending in the First District Court of Appeal, and therefore his federal habeas petition is premature. See Reply at 1-2. He suggests that the Court either hold the federal proceeding in abeyance, or "exercise concurrent jurisdiction over the matters irrespective of the State Appeal Court decision." Id. at 2. He nevertheless asserts that "any judicial action by this federal court should be without prejudice" to permit him to refile his claims. Id.

Notably, the record reflects that Jean-Philippe raised similar ineffectiveness claims in his Rule 3.850 motion,[1] see Doc. 18-6; Resp. Exs. 1; 2, and that his appeal of the

---

[1] Jean-Philippe filed his pro se Rule 3.850 motion on November 1, 2018, pursuant to the mailbox rule. See Doc. 24-2 at 1.

circuit court's denial of the Rule 3.850 motion is still pending in the First District Court of Appeal.[2] In recognition of the comity between the national and state sovereignties in our federal system, this Court should give the state court an opportunity to rule on Jean-Philippe's claims. See Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010) (citing Rose v. Lundy, 422 U.S. 509, 518 (1982)). Therefore, Respondents' Motion will be granted, and this case will be dismissed without prejudice to give Jean-Philippe the opportunity to complete his action in the state court. See 28 U.S.C. § 2254(b)(1)(A). After exhausting his claims in state court, Jean-Philippe may file a new petition in this Court. If he elects to refile his claims, the timeliness of the newly-filed petition will be determined after he initiates that action.[3]

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus Without Prejudice (Doc. 24) is **GRANTED,** and this case is **DISMISSED WITHOUT**

---

[2] The State filed an Answer Brief on January 16, 2020. See http://onlinedocketsdca.flcourts.org/, Lesly Jean-Philippe v. State of Florida, Case Number 1D19-1716 (last visited on Feb. 5, 2020).

[3] The circuit court vacated Jean-Philippe's sentence of death on November 9, 2017, and resentenced him to a term of life imprisonment as to the first degree murder conviction. See https://core.duvalclerk.com, Case No. 16-2009-CF-011429-AXXX-MA, docket entries 916, 917. Thus, Jean-Philippe should take into account his resentencing in calculating the running of the one-year limitation period in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007) ("We now hold that AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final"); see also Thompson v. Fla. Dep't of Corr., 606 F. App'x 495 (11th Cir. 2015).

**PREJUDICE** to give Jean-Philippe the opportunity to complete his action in the state court.[4]

2. The Clerk is directed to enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the file.

3. If Jean-Philippe appeals the dismissal of the case, this Court denies a certificate of appealability.[5] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report

---

[4] This dismissal without prejudice does not excuse Jean-Philippe from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). The one-year period of limitation is tolled during the time in which a properly-filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Jean-Philippe "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of February, 2020.

MARCIA MORALES HOWARD
United States District Judge

sc 2/10
c:
Lesly Jean-Philippe, FDOC #J44119
Counsel of Record